People v Perry (2019 NY Slip Op 05811)





People v Perry


2019 NY Slip Op 05811


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

109592

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MELVIN H. PERRY, Appellant.

Calendar Date: May 31, 2019

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal, by permission, from an order of the County Court of St. Lawrence County (Champagne, J.), entered June 30, 2017, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of burglary in the second degree, after a hearing.
In 2014, defendant pleaded guilty to burglary in the second degree and was sentenced to seven years in prison, to be followed by five years of postrelease supervision. Defendant moved to vacate the judgment pursuant to CPL 440.10 on the basis of ineffective assistance of counsel. County Court (Richards, J.) denied the motion without a hearing and defendant appealed both the judgment of conviction and, by permission, from the order denying his postconviction motion. This Court affirmed the judgment but reversed the order denying the motion, finding that, in light of certain statements made by the victims and defendant's history of alcohol-related arrests and convictions, the issue as to whether counsel had informed defendant that the required element of intent for burglary in the second degree could be negated by the defense of intoxication required a hearing (148 AD3d 1423 [2017]).
Following a hearing on remittal, at which both defendant and counsel testified, County Court (Champagne, J.) found that defendant was aware of the potential intoxication defense at the time of his guilty plea and denied the motion. With this Court's permission, defendant appeals.
We affirm. Defendant bore the burden of proving by a preponderance of the evidence that he was denied the effective assistance of counsel by counsel's failure to advise him of the potential intoxication defense (see CPL 440.30 [6]). To that end, he testified that he was unaware of the intoxication defense at the time of his plea and did not learn that such a defense might have been available until he was researching his case while in prison. In contrast, counsel [*2]testified that, prior to the plea, she discussed with defendant his alleged intoxication at the time of the crime and made him aware of a potential intoxication defense. Deferring to County Court's credibility determinations (see People v Manley, 167 AD3d 1161, 1162 [2018]), we find that counsel properly discussed the potential intoxication defense with defendant prior to his plea. As such, County Court's denial of defendant's CPL 440.10 motion will not be disturbed.
Garry, P.J., Egan Jr., Lynch and Mulvey, JJ., concur.
ORDERED that the order is affirmed.